NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLANTIC SPINAL CARE on assignment of Anita T., | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No.: 13-4800 (ES) : |
| HORIZON, BLUE CROSS BLUE SHIELD of MONTANA, ABC Benefit Plans 1-10; and John/Jane Does Inc./ LLC 1-10, | : OPINION : : : : |
| Defendants. | : : |

SALAS, DISTRICT JUDGE

### I. INTRODUCTION

Pending before this Court is Defendant Blue Cross Blue Shield of Montana's (hereinafter, "BCBSMT" or "Defendant") motion to dismiss, (*see* D.E. No. 6), Plaintiff Atlantic Spinal Care's (hereinafter, "Atlantic SC" or "Plaintiff") Complaint.[1]  (*See* D.E. No. 1-1, Plaintiff's Complaint ("Compl.")).  In moving to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), BCBSMT contends that Plaintiff lacks standing to bring its Employment Retirement Insurance

---

[1] BCBSMT avers in its moving brief that it was "improperly pleaded as Horizon Blue Cross Blue Shield of Montana." (*See* D.E. No. 6, BCBSMT's Moving Brief at 1).  The Court notes that Atlantic SC named "Horizon" as a separate defendant as evidenced by: (1) the caption of the Complaint; (2) The definition of the parties in the Complaint, which states that "[u]pon information and belief, Defendant Horizon and Defendant Blue Cross Blue Shield of Montana . . . ." (Compl. at 1); and (3) Horizon Blue Cross Blue Shield of New Jersey, pleaded simply as "Horizon," and Atlantic SC executed a Stipulation of Dismissal, dismissing the instant action with respect to Horizon, (D.E. No. 9, Stipulation and Order).  Thus, BCBSMT was not improperly pleaded as Horizon Blue Cross Blue Shield of Montana but was properly pled as "Blue Cross Blue Shield of Montana."

Security Act ("ERISA") claims and that Plaintiff's breach of contract claim is preempted by ERISA. (*Id.*). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367. The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, BCBSMT's motion is **GRANTED**.

## II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On January 14, 2013, Atlantic SC initiated a civil action in the Superior Court of New Jersey, Law Division, Essex County against Defendants "Horizon," "Blue Cross Blue Shield of Montana," "ABC Benefit Plans 1-10," and "John/Jane Does Inc./LLC 1-10." (*See* Compl.). Plaintiff alleges the following four counts: Breach of Contract (Count One); Failure to Make Payments Pursuant to Member's Plan (Count Two); Failure to Provide All Necessary Documentation (Count Three); and Failure to Establish/Maintain Reasonable Claims Procedures (Count Four). (*Id*. ¶¶ 13-43). Atlantic SC's claims stem from the alleged failure of the defendants to reimburse Atlantic SC the remaining balance of $55,631.01 for medically reasonable and necessary services that Atlantic SC provided to "Anita T.," BCBSMT's insured. (*Id*. at 2-3, ¶¶ 6, 11).

BCBSMT is a not-for-profit corporation organized under the laws of the state of Montana, (D.E. No. 6, BCBSMT's Moving Brief ("Mov. Br.") at 2), and is engaged in the business of providing and/or administering health care insurance plans/policies. (Compl. at 1). Atlantic SC, at all relevant times, was an "out-of-network" health care provider in Ocean County, New Jersey. (*Id*.; Mov. Br. at 2). BCBSMT administers an ERISA-governed health benefits plan (the "Plan") of which Anita T., at all relevant times, was a participant entitled to benefits. (Compl. at 2-4, ¶¶ 2, 14, 20).

According to Atlantic SC, on or about December 8 and 9, 2010, it rendered medically reasonable and necessary services to Anita T. totaling $57,400.00. (Compl. ¶¶ 7, 9). Atlantic SC received payment of $1,768.99 for said medical services.[2] (*Id*. ¶ 10). Atlantic SC's claim for the alleged unpaid balance is premised on an assignment of the Plan benefits that Plaintiff maintains it received from Anita T. (*Id*. ¶ 8).

On August 9, 2013, BCBSMT removed the instant action. (D.E. No. 1, Notice of Removal ("NOR")). On October 17, 2013, BCBSMT filed the instant motion to dismiss. (D.E. No. 6). On October 18, 2013, Atlantic SC filed a letter pursuant to Local Civil Rule 7.1, which states in relevant part that: "Defendant, Horizon, has filed a Motion to Dismiss which is currently returnable on November 4, 2013. This letter will serve to inform the Court of Plaintiff's intent to automatically extend the time within which to file papers in opposition to Defendant's Motion to Dismiss." (D.E. No. 7, Plaintiff's Rule 7.1 Letter Requesting Extension to file Opposition).[3]

On March 13, 2014, Atlantic SC and Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") executed a Stipulation of Dismissal dismissing, without prejudice, Horizon from the instant action. (D.E. No. 9, Stipulation and Order Dismissing Horizon). Despite filing a Rule 7.1 letter requesting (and receiving) an extension of time to file its opposition, (*see* D.E. No. 7), Atlantic SC never filed an opposition. Thus, the instant unopposed motion is now ripe for adjudication.

### III. LEGAL STANDARD

---

[2] The Court notes that Atlantic SC does not aver that it received payment directly from BCBSMT. Presumably, after receiving checks totaling $1,768.99 from BCBSMT, Anita T. transferred those funds to Atlantic SC. (*See* D.E. No. 1-1 at 23, 24).

[3] The Court notes that Atlantic SC's Rule 7.1 letter states that "Defendant, Horizon" filed the instant motion when, in fact, BCBSMT filed the instant motion.

For a complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal citation omitted). In assessing the sufficiency of a complaint, "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

While a court deciding a motion to dismiss is required to accept the allegations in the complaint as true, that requirement is inapplicable to legal conclusions and the bare recital of the elements of a cause of action that are supported only by conclusory statements. *Iqbal*, 556 U.S. at 678. Additionally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

Additionally, motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)—even when unopposed—should generally be adjudicated on the merits. *See Ray v. Reed*, 240 Fed. Appx. 455, 456 (3d Cir. 2007) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29 (3d Cir. 1991) ("[T]his action should not have been dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed. R. Civ. P. 12(b)(6).").

## IV. DISCUSSION

### A. Summary of Movant's Arguments

BCBSMT argues that, because there was no assignment of the Plan benefits from Anita T. to Atlantic SC, Plaintiff does not have standing to sue pursuant to ERISA's enforcement provision. (*See* Mov. Br. at 1). Additionally, BCBSMT maintains that the Plan contains a clear and unambiguous anti-assignment provision that would render any purported assignment of benefits from Anita T. to Atlantic SC null and void. (*Id*.). Lastly, BCBSMT argues that Atlantic SC's breach of contract claim is preempted by ERISA and, therefore, must be dismissed. (*Id*.).

### B. Atlantic SC's ERISA Claims (Counts II-IV)

#### i. "Standing By Assignment" To Sue Pursuant To ERISA

Section 502(a) of ERISA permits "a participant or beneficiary" to bring a civil action, *inter alia*, "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has interpreted this provision to limit standing to participants and beneficiaries. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under § 502 . . . .").[4] Atlantic SC does not aver that it is a "participant" or "beneficiary" as defined by ERISA, but, again, maintains that it has standing to bring its ERISA claims (Counts

---

[4] ERISA defines a participant as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8).

II-IV) against BCBSMT via an assignment of the Plan benefits that it obtained from Anita T. (Compl. ¶¶ 20-24).

In a recent decision, the Third Circuit "adopt[ed] the majority position that health care providers may obtain standing to sue by assignment from a plan participant." *CardioNet, Inc. v. Cigna Health Corp.*, No. 13-2496, 2013 WL 1778149, at *12 n. 10 (3d. Cir. May 6, 2014). Therefore, the Court necessarily turns its attention to whether there was, as a matter of law, an assignment of the Plan benefits from Anita T. to Atlantic SC.

### ii. Validity Of Atlantic SC's Alleged Assignment

In conclusory fashion, Atlantic SC alleges that "Plaintiff obtained an assignment of benefits from Anita T." (Compl. ¶ 8; *see also id.* ¶¶ 15, 22, 30). The Complaint does not contain additional facts to support the alleged assignment. The Complaint does, however, reference a document (Exhibit A), presumably appended as proof of the alleged assignment. (*See* Compl. ¶ 8). In evaluating the sufficiency of the Complaint, this Court cannot accept factually unsupported conclusions of law. *Iqbal*, 556 U.S. at 678. Therefore, the question of whether there was an assignment—and thus whether Atlantic SC has standing to assert ERISA claims against BCBSMT—turns on whether Exhibit A evinces a valid assignment of the Plan benefits from Anita T. to Atlantic SC.

District courts in this Circuit have taken divergent views on the question of what is necessary to constitute a valid assignment. Some courts have found that more than the mere right to receive payment is needed. *See, e.g.*, *MHA, LLC v. Aetna Health, Inc.*, No. 12-2984, 2013 WL 705612, at *3 (D.N.J. Feb. 25, 2013) (stating that any purported assignment must "encompass the patient's legal claim to benefits under the plan"); *Demaria v. Horizon*

6

*Healthcare Servs., Inc.*, No. 11–7298, 2012 WL 5472116, at *4 (D.N.J. Nov. 9, 2012) (noting that the scope of the assignment is critical to determining standing).

Other courts, including this one, have found that the right to recover payment is enough. *See N. Jersey Brain & Spine Ctr. v. Saint Peter's Univ. Hosp.*, No. 13-0074, 2013 WL 5366400 (D.N.J. Sept. 25, 2013) (finding that an assignment of a right to reimbursement was adequate); *Edwards v. Horizon Blue Cross Blue Shield of N. J.*, No. 08-6160, 2012 U.S. Dist. LEXIS 105266 (D.N.J. June 4, 2012) ("Accordingly, the assignment of the right to reimbursement here confers derivative standing under ERISA."). The instant case does not require this Court to address this issue because, after a thorough examination of Exhibit A (the only supporting evidence Atlantic SC offers in support of the purported assignment), the Court concludes that there was no assignment of benefits—under either standard—from Anita T. to Atlantic SC.

As BCBSMT points out in its moving brief, Exhibit A does not contain any language regarding the assignment of benefits. (Mov. Br. at 6; *see also* D.E. No. 1-1 at 17 ("Exhibit A")). Exhibit A is a document that is published and distributed by the New Jersey Department of Banking and Insurance ("DOBI"). (Mov. Br. at 6). Significantly, the document is titled: "CONSENT TO REPRESENTATION IN APPEALS OF UTILIZATION MANAGEMENT [('UM')] DETERMINATIONS AND AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS IN UM APPEALS AND INDEPENDENT ARBITRATION OF CLAIMS." Under the heading, "APPEALS OF UTILIZATION MANAGEMEN DETERMINATIONS," the first paragraph of the document states:

> You have the right to ask your insurer, HMO or other company providing your health benefits (carrier) to change its utilization management (UM) decision if the carrier determines that a service or treatment covered under your health benefits plan is or was not medically necessary. This is called a UM appeal. You also have the right to allow a doctor, hospital or other health care provider to make a UM appeal for you.

(Exhibit A). Further, under the following heading, "INDEPENDENT ARBITRATION OF CLAIMS", Exhibit A states that "[y]our health care provider has the right to take certain claims to an independent arbitration process through the DOBI." (*Id.*).

Moreover, the portion of Exhibit A that contains Anita T.'s signature states:

> CONSENT TO REPRESENTATION IN UM APPEALS AND
> AUTHORIZATION TO RELEASE INFORMATION IN UM APPEALS AND
> ARBITRATION OF CLAIMS
>
> I, [PRINT NAME],[5] by marking . . . and signing below, agree to: representation by [box for representative] in an appeal of an adverse UM determination as allowed by N.J.S.A. 26:2S-11, and release of personal health information to DOBI, its contractors for the Independent Health Care Appeal Program, and independent contractors reviewing the appeal. My consent to representation and authorization of release of information expires in 24 months, but I may revoke both sooner.

(*Id.*). The DOBI makes this document available in conjunction with an Independent Health Care Appeals Program it administers, pursuant to N.J.S.A. § 26:2S-11. The purpose of the Independent Health Care Appeals Program is to:

> [p]rovide an independent medical necessity or appropriateness of services review of final decisions by carriers to deny, reduce or terminate benefits in the event the final decision is contested by the covered person or any health care provider acting on behalf of the covered person but only with the covered person's consent. The appeal review shall not include any decisions regarding benefits not covered by the covered person's health benefits plan.

*Id.*

Thus, Exhibit A is a document that allows a person who has received medical treatment to permit a medical service provider to represent her in an appeal as described above. It also permits a health care provider to arbitrate claims via the DOBI. Tellingly, there is no language in Exhibit A that can be reasonably interpreted as providing anything more to the provider than the right to represent a covered person in the narrow context of the DOBI's Independent Health

---

[5] This section of the document (Exhibit A) contains Anita T.'s signature.

Care Appeals Program.  (*See* Exhibit A); *see also* N.J.S.A. § 26:2S-11(a) ("A covered person or health care provider may apply to the Independent Health Care Appeals Program for a review of a decision to deny, reduce or terminate a benefit if the person or health care provider has already completed the carrier's appeals process . . . . The person or health care provider shall apply to the department [(the DOBI)] within 60 days of the date the final decision was issued by the carrier….").  Nothing on its face indicates that Exhibit A is designed to facilitate the assignment of an individual's health care plan benefits to a provider, including the right to receive payment for medical services rendered to the insured.

The most that the Court can conclude after reviewing Exhibit A, is that Anita T. consented to allow Atlantic SC to represent her in the DOBI's UM decision appeal process.[6] The plain language of Exhibit A does not support the reasonable inference that Anita T. assigned any of her Plan benefits, *e.g.*, the right to receive payment/reimbursement.  Absent such an assignment, Atlantic SC lacks statutory standing to assert ERISA claims against BCBSMT, thereby rendering Plaintiff's ERISA claims subject to dismissal.[7]

### C. Atlantic SC's Breach of Contract Claim (Count I)

Atlantic SC bases it breach of contract claim on the premise that it obtained, via assignment, the right to receive reimbursement for the unpaid balance for medical services it rendered to Anita T. (Compl. ¶¶ 14, 15).  Relying on two provisions of ERISA that preempt state law causes of action, BCBSMT argues that Atlantic SC's breach of contract claim is

---

[6] The Court acknowledges, as BCBSMT states on page six of its brief, that Anita T. failed to mark the boxes that would actually designate Atlantic SC as her representative in the UM appeal process.  Therefore, even if Exhibit A could be read to constitute an assignment of benefits—and this Court is convinced that it cannot—Anita T.'s failure to execute the portion of Exhibit A that identifies Atlantic SC as her representative is fatal to Plaintiff's argument that it obtained an assignment.

[7] Having concluded that there was not a valid assignment of benefits from Anita T. to Atlantic SC, the Court need not address BCBSMT's anti-assignment provision argument.

preempted by ERISA and therefore should be dismissed. (Mov. Br. at 9, 10 (citing section 502(a), ERISA's civil enforcement provision and section 514(a), ERISA's express preemption provision)).

The Supreme Court has established that ERISA's "pre-emption clause is conspicuous for its breadth", as "[i]t establishes as an area of federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). Consequently, the Supreme Court has repeatedly upheld ERISA's express preemption clause as being "deliberately expansive." *See, e.g.*, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987), overruled on other grounds by *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003).

In *Pasack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, the Third Circuit affirmed that "state law causes of action that are 'within the scope of ... § 502(a)' are completely pre-empted and therefore removable to federal court." 388 F.3d 393, 400 (3d Cir. 2004). The Third Circuit further intimated that "this case is removable only if (1) the [plaintiff] could have brought its breach of contract claim under § 502(a), and (2) no other legal duty supports the [plaintiff's] claim." *Id.* After determining that there was no assignment of benefits to the plaintiff, the court found that: (1) plaintiff did not have standing to sue under ERISA; and (2) plaintiff's lack of standing to bring an ERISA claim also applied to any state law claims that would otherwise be preempted by ERISA. *Id.* at 402. As a result, the *Pasack Valley Hosp.* court held that the plaintiff's breach of contract claims were not subject to dismissal because they were preempted by ERISA's civil enforcement provision, but, instead, must be dismissed due to the plaintiff not having standing under ERISA to bring its state law claims. *Id*. at 402.

*Pasack Valley Hosp.* is directly on point here. Like the plaintiff in *Pasack Valley Hosp.*, Atlantic SC's breach of contract claim is based entirely on the premise that it obtained an assignment of benefits from a participant of an ERISA-governed health care plan. (Compl. ¶¶ 13-43). As discussed above, this Court has determined that because Atlantic SC did not obtain the alleged assignment, it does not have standing to sue pursuant to ERISA. Furthermore, Atlantic SC has not identified an independent legal duty that would make BCBSMT liable. Consequently, Atlantic SC's breach of contract claim must be dismissed—not on preemption grounds—but because Atlantic SC lacks standing under ERISA to bring this claim. *See Pasack Valley Hosp.*, 388 F.3d at 402.

## V.  CONCLUSION

Because Atlantic SC lacks standing pursuant to ERISA, *i.e.*, statutory standing, to bring its ERISA claims *and* its related breach of contract claim, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint is hereby DISMISSED, *without prejudice*. An accompanying Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
